## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NOELLE WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:18-cv-01597-ELR |
| v. | ) | |
| | ) | |
| ULTA SALON, COSMETICS & | ) | |
| FRAGRANCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Defendant" or "Ulta"), by and through its undersigned counsel, hereby answers the Complaint for Damages filed by Plaintiff Noelle Wright ("Wright" or "Plaintiff"), and states as follows:

## I.    INTRODUCTION

Ulta admits that Wright has filed suit against Ulta for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA"), but denies that it engaged in any acts or omissions that violate any federal, state, or local laws, regulations, or ordinances, and further denies that Wright is entitled to any relief whatsoever. Ulta also admits Wright has asserted six causes of action against Ulta in this matter, but denies that any of these causes of action have merit and/or state a claim for which relief may be granted.

## JURISDICTION, PARTIES, AND ARTICLE III STANDING

1.  Ulta admits this is an action for declaratory and injunctive relief pursuant to Title III of the ADA, but denies that Ulta has violated the ADA in any way, and further denies that Wright is entitled to any relief whatsoever. Ulta further admits that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.  Ulta admits that venue is proper in the United States District Court for the Northern District of Georgia.

3.  To the extent the allegations in paragraph 3 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 3 of the Complaint and, therefore, denies the same.

4.  Ulta admits it is a foreign corporation which conducts business in the State of Georgia. Ulta also admits it leases the property located at 2540 Cumberland Blvd., Smyrna, Georgia  30080, and operates the store located at that address, and sells the categories of merchandise listed in paragraph 4 of the Complaint at that store location. Ulta further admits it owns the internet domain, www.ulta.com, and operates the www.ulta.com website. Ulta further admits

it is a place of public accommodation as defined by the ADA and its implementing regulations. Ulta denies the remaining allegations in paragraph 4 of the Complaint.

5.      Ulta is without sufficient knowledge or information to form a belief as to the allegations in paragraph 5 of the Complaint and, therefore, denies the same.

6.      Ulta admits it sells the categories of merchandise listed in paragraph 6 of the Complaint. Wright's case citations are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these case citations contain factual allegations, those allegations are denied. Ulta is without sufficient knowledge or information to form a belief as to Wright's subjective thoughts or feelings and, therefore, denies the same. Ulta is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 6 of the Complaint and, therefore, denies the same.

7.      Ulta denies the allegations set forth in Paragraph 7 of the Complaint.

8.      Ulta admits its store in Smyrna, Georgia, is a place of public accommodation. Ulta is without sufficient knowledge or information to form a belief as to the allegations regarding Wright's physical condition and, therefore, denies the same.  Ulta denies the remaining allegations in paragraph 8 of the Complaint.

## II.      PLAINTIFF'S CLAIMS

## ADA, Title III

9.      The allegations in paragraph 9 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

10.      Ulta admits its Smyrna, Georgia store location is a place of public accommodation as defined by the ADA and its implementing regulations, and admits the store sells the categories of merchandise listed in paragraph 10 of the Complaint at its Smyrna, Georgia store location. Except as explicitly admitted, the allegations in paragraph 10 of the Complaint are denied.

## COUNT ONE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
## 42 U.S.C. § 12182(b)(2)(A)(iv)
### *(Architectural Barriers)*

### **Defendant's Existing Facility Is Subject to the 2010 ADA Design Standards for the Portions of the Facility Addressed in This Complaint**

11.      Ulta admits the allegations in paragraph 11 of the Complaint.

12.      Ulta denies the allegations set forth in Paragraph set forth in Paragraph 12 of the Complaint.

13.      The allegations in paragraph 13 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied

14. The allegations in paragraph 14 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

15. The allegations in paragraph 15 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

## Plaintiff's Concrete and Particularized Standing to Pursue an Injunction

16. To the extent the allegations in paragraph 16 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 16 of the Complaint.

17. Ulta denies the allegations set forth in Paragraph 17 of the Complaint.

18. Wright's case citation is a legal statement/conclusion and not directed to Ulta, thus, no response is required. To the extent this case citation contains factual allegations, those allegations are denied. Ulta is without sufficient knowledge or information to form a belief as to the allegations regarding Wright's future plans with respect to shopping at or visiting Ulta stores and, therefore, denies

the same. Ulta denies the remaining allegations in paragraph 18 of the Complaint.

## Architectural Barriers

19.   The allegations in paragraph 19 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

20.   Ulta is without sufficient knowledge or information to form a belief as to the allegations regarding Wright's actions, movements, or other related allegations at Ulta's Smyrna, Georgia store location and, therefore, denies the same. Ulta denies the remaining allegations in paragraph 20 of the Complaint.

## ACCESSIBLE ROUTE

a.   Ulta denies the allegations in paragraph 20(a) of the Complaint, including subparagraphs i-vii.

## CHECK-OUT AREA

b.   Ulta denies the allegations in paragraph 20(b) of the Complaint, including subparagraphs A-G.

## SALON COUNTER

c.   Ulta denies the allegations in paragraph 20(c) of the Complaint, including subparagraphs A-G.

**BENEFIT BROW BAR COUNTER**

> d. Ulta denies the allegations in paragraph 20(d) of the Complaint, including subparagraphs A-G.

**PRODUCT TESTING TABLES**

> e. Ulta denies the allegations in paragraph 20(e) of the Complaint, including subparagraphs i-vii.

**WOMEN'S RESTROOM**

> f. Ulta denies the allegations in paragraph 20(f) of the Complaint, including subparagraphs i-iii.

> g. Ulta denies the allegations in paragraph 20(g) of the Complaint, including subparagraphs i-x.

> h. Ulta denies the allegations in paragraph 20(h) of the Complaint, including subparagraphs i-vii.

21. Ulta denies the allegations in paragraph 21 of the Complaint.

22. Ulta admits Wright has retained counsel in this matter. Ulta denies the remaining allegations in paragraph 22 of the Complaint.

23. To the extent the allegations in paragraph 23 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are

denied. Ulta denies the remaining allegations in paragraph 23 of the Complaint. Ulta further denies the Court should grant the relief sought by Wright in paragraph 23 of the Complaint.

**COUNT TWO**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III**
**42 U.S.C. § 12182(b)(2)(A)(ii)**
***(Practices, procedures, and policies denying equal benefits)***

24. Ulta adopts and incorporates its responses to paragraphs 1-23 of the Complaint as if set forth fully herein.

25. The allegations in paragraph 25 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

26. The allegations in paragraph 26 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

27. The allegations in paragraph 27 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

28. The allegations in paragraph 28 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

29. The allegations in paragraph 29 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

30. The allegations in paragraph 30 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

**Defendant's Failed Practices and Lack of Policies Are Discriminatory**

31. The allegations in paragraph 31 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

32. The allegations in paragraph 32 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations

are denied.

33. Ulta denies the allegations in paragraph 33 of the Complaint.

34. Ulta denies the allegations in paragraph 34 of the Complaint.

35. Ulta denies the allegations in paragraph 35 of the Complaint, including the allegations in subparagraphs a-l.

36. Ulta denies the allegations in paragraph 36 of the Complaint.

37. Ulta denies the allegations in paragraph 37 of the Complaint.

38. Ulta denies the allegations in paragraph 38 of the Complaint.

39. Ulta denies the allegations in paragraph 39 of the Complaint.

40. Ulta denies the allegations in paragraph 40 of the Complaint.

41. Ulta generally denies the allegations in paragraph 41 of the Complaint. Paragraph 41 of the Complaint also contains various demands that are not factual allegations. To the extent these "demands" contain factual allegations, or could be construed as factual allegations, those allegations are denied.

42. To the extent the allegations in paragraph 42 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta admits it leases property located at 2540 Cumberland Blvd., Smyrna, Georgia 30080, and operates the store located at that address. Ulta denies the remaining allegations in paragraph 42 of the Complaint.

43. To the extent the allegations in paragraph 43 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta admits it must comply with the ADA, but denies it has violated the ADA in any way.

44. Ulta denies the allegations in paragraph 44 of the Complaint.

45. Ulta admits Wright has retained counsel in this matter. Ulta denies the remaining allegations in paragraph 45 of the Complaint.

46. To the extent the allegations in paragraph 46 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 46 of the Complaint.

## COUNT THREE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Denial of Full and Equal Enjoyment

47. Ulta adopts and incorporates its responses to paragraphs 1-46 of the Complaint as if set forth fully herein.

48. The allegations in paragraph 48 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations

are denied.

49. The allegations in paragraph 49 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

50. The allegations in paragraph 50 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

51. The allegations in paragraph 51 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

52. The allegations in paragraph 52 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

53. The allegations in paragraph 53 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations

are denied.

54. To the extent the allegations in paragraph 54 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 54 of the Complaint.

55. The allegations in paragraph 55 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

56. The allegations in paragraph 56 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

57. The allegations in paragraph 57 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

58. Ulta admits it sells the categories of merchandise, and provides the categories of services, listed in paragraph 58 of the Complaint. Ulta denies the remaining

allegations in paragraph 58 of the Complaint.

59. The allegations in paragraph 59 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

60. The allegations in paragraph 60 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

61. To the extent the allegations in paragraph 61 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 61 of the Complaint.

62. Ulta denies the allegations in paragraph 62 of the Complaint.

63. Ulta denies the allegations in paragraph 63 of the Complaint.

64. Ulta denies the allegations in paragraph 64 of the Complaint.

65. Ulta admits Wright has retained counsel in this matter. Ulta denies the remaining allegations in paragraph 65 of the Complaint.

66. To the extent the allegations in paragraph 66 of the Complaint are legal

statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 66 of the Complaint.

## COUNT FOUR
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
### *(Failure to design and construct facility for ADA compliance)*

67. Ulta adopts and incorporates its responses to paragraphs 1-66 of the Complaint as if set forth fully herein.

68. The allegations in paragraph 68 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

69. The allegations in paragraph 69 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

70. The allegations in paragraph 70 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

71. The allegations in paragraph 71 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

72. The allegations in paragraph 72 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

73. The allegations in paragraph 73 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

74. Ulta denies the allegations in paragraph 74 of the Complaint.

75. Ulta admits it is required to comply with the ADA, but denies it has violated the ADA in any way. Ulta denies the remaining allegations in paragraph 75 of the Complaint.

76. Ulta denies the allegations in paragraph 76 of the Complaint.

77. Ulta denies the allegations in paragraph 77 of the Complaint.

78. Ulta admits Wright has retained counsel in this matter. Ulta denies the remaining allegations in paragraph 78 of the Complaint.

79. To the extent the allegations in paragraph 79 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 79 of the Complaint.

## COUNT FIVE

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### *(Failure to Provide Website Accessibility)*

80. Ulta adopts and incorporates its responses to paragraphs 1-79 of the Complaint as if set forth fully herein.

81. The allegations in paragraph 81 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

82. The allegations in paragraph 82 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

83. The allegations in paragraph 83 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations

are denied.

84. The allegations in paragraph 84 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

85. The allegations in paragraph 85 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

86. Ulta denies the allegations in paragraph 86 of the Complaint.

87. Ulta denies the allegations in paragraph 87 of the Complaint.

88. The allegations in paragraph 88 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

89. Ulta denies the allegations in paragraph 89 of the Complaint, including subparagraphs a-e.

90. The allegations in paragraph 90 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations

are denied.

91. Ulta denies the allegations in paragraph 91 of the Complaint.

92. Ulta admits it owns the internet domain, www.ulta.com, and operates the www.ulta.com website.

93. Ulta admits Wright has retained counsel in this matter. Ulta denies the remaining allegations in paragraph 93 of the Complaint.

94. To the extent the allegations in paragraph 94 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 94 of the Complaint.

## COUNT SIX
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
### *(Failure to Provide Mobile Application Accessibility)*

95. Ulta adopts and incorporates its responses to paragraphs 1-94 of the Complaint as if set forth fully herein.

96. The allegations in paragraph 96 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

97. The allegations in paragraph 97 of the Complaint are legal

statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

98. The allegations in paragraph 98 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

99. The allegations in paragraph 99 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

100. To the extent the allegations in paragraph 100 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 100 of the Complaint.

101. To the extent the allegations in paragraph 101 of the Complaint are legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 101 of the

Complaint.

102.     The allegations in paragraph 102 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

103.     Ulta denies the allegations in paragraph 103 of the Complaint, including subparagraphs a-k.

104.     Ulta denies the allegations in paragraph 104 of the Complaint.

105.     Ulta denies the allegations in paragraph 105 of the Complaint, including subparagraphs a-e.

106.     The allegations in paragraph 106 of the Complaint are legal statements/conclusions and not directed to Ulta, thus, no response is required. To the extent these statements contain factual allegations, those allegations are denied.

107.     Ulta denies the allegations in paragraph 107 of the Complaint.

108.     Ulta admits it maintains a mobile "app." Ulta denies the remaining allegations in paragraph 108 of the Complaint.

109.     Ulta admits Wright has retained counsel in this matter. Ulta denies the remaining allegations in paragraph 109 of the Complaint.

110.     To the extent the allegations in paragraph 110 of the Complaint are

legal statements/conclusions and not directed to Ulta, no response is required. To the extent these statements contain factual allegations, those allegations are denied. Ulta denies the remaining allegations in paragraph 110 of the Complaint.

111. For answer to the unnumbered prayer for relief following paragraph 110, including subparagraphs 1-12, Ulta denies that Wright is entitled to any of the legal, injunctive, or declaratory relief and/or damages requested, or any other relief whatsoever. To the extent the unnumbered prayer for relief following paragraph 110 contains any allegations of fact directed towards Ulta, those allegations are denied.

## GENERAL DENIAL

Ulta denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Wright's Complaint should be dismissed, in whole or in part, because it fails to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a claim.

### SECOND DEFENSE

Wright's claims are barred because Ulta has substantially complied with any and all federal, state, or local statutes, regulations, constitutional provisions, common laws, or public policies and have caused no damage or injury to Wright.

### THIRD DEFENSE

Wright's claims are barred to the extent Wright is not disabled as defined by the ADA.

### FOURTH DEFENSE

Wright's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### FIFTH DEFENSE

Wright's claims are barred by the applicable statutes of limitation or other periods of limitation.

### SIXTH DEFENSE

At all times relevant to this action, Ulta's actions were in good faith and it had reasonable grounds for believing those actions were not in violation of any law.

### SEVENTH DEFENSE

Wright's demands are not readily achievable as that term is defined in Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv).

### EIGHTH DEFENSE

Wright's demands are not readily achievable, not reasonable, not required, and/or not technically feasible under the ADA, and would create an undue hardship for Ulta, and may be prevented by architectural and other factors such as municipal building codes and/or ordinances.

## NINTH DEFENSE

There is no causal connection between Ulta's action or inaction and any injury allegedly suffered by Wright.

## TENTH DEFENSE

Wright does not have a legitimate and/or bona fide intent to be a patron of Ulta's store identified in the Complaint other than for the purpose of pursuing litigation and therefore lacks standing to bring these claims.

## ELEVENTH DEFENSE

Wright lacks standing to challenge the alleged barriers to access in areas of the subject property that she did not visit prior to filing her Complaint.

## TWELFTH DEFENSE

Wright has not suffered and is not suffering irreparable harm and, as such, no injunctive or declaratory relief is warranted.

## THIRTEENTH DEFENSE

Wright has failed to specify or demonstrate actual harm allegedly suffered as a result of Ulta's alleged violations of the ADA; as such, Wright lacks standing to pursue her claims.

### FOURTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the physical property, websites and/or mobile apps at issue for their intended purpose.  Ulta asserts that *de minimis* violations of federal regulations are not actionable or enjoinable.

### FIFTEENTH DEFENSE

Wright has failed to mitigate her damages and failed to meet conditions precedent to bringing this suit including, but not limited to, failing to provide Ulta with adequate notice of the alleged deficiencies and failing to give Ulta any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

### SIXTEENTH DEFENSE

The modifications demanded by Wright in this action constitute "fundamental alterations."

### SEVENTEENTH DEFENSE

Wright's claims are barred because the modifications Wright seeks in this action are not "alterations" within the meaning of the ADA and/or they do not trigger

an "alteration" legal standard because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

## EIGHTEENTH DEFENSE

Ulta asserts that it is not required to perform structural modifications in this action because the subject facility is constructed in accordance with conventional building industry standards.

## NINETEENTH DEFENSE

Ulta asserts that the subject facility in this action is in substantial compliance with the structural access requirements of Title III of the ADA.

## TWENTIETH DEFENSE

Wright's Complaint should be dismissed, in whole or in part, to the extent that local ordinances or laws prevent any modifications that may be sought without approval of appropriate regulatory and/or zoning boards.

## TWENTY-FIRST DEFENSE

Ulta asserts that barrier removal in this action is structurally impracticable.

## TWENTY-SECOND DEFENSE

Wright's claims are barred by the doctrine of equivalent facilitation, in that Ulta has utilized alternative designs and technologies that provide substantially equivalent or greater access to and usability of its buildings and facilities.

## TWENTY-THIRD DEFENSE

Even if, assuming *arguendo*, Ulta has any duty to modify its premises, Ulta satisfied any such duty as, among other things, reasonable modifications were evaluated and/or reasonable alternatives were considered and/or implemented or provided, as expressly provided for by the ADA.

## TWENTY-FOURTH DEFENSE

Wright's Complaint should be dismissed, in whole or in part, to the extent that any alleged violations are within recognized tolerances or variances and/or are in compliance with the oversight of all regulatory agencies.

## TWENTY-FIFTH DEFENSE

Wright's Complaint should be dismissed, in whole or in part, to the extent Wright is requesting modifications to areas of Ulta's facility which is not public or open to the public.

## TWENTY-SIXTH DEFENSE

Wright's Complaint should be dismissed, in whole or in part, because Wright's requested modifications would pose a direct threat and/or the current configuration of Ulta's premises is based on legitimate safety requirements.

## TWENTY-SEVENTH DEFENSE

Wright may lack clean hands or possess an improper purpose in filing this action, thus barring equitable remedies.  Wright's primary motive in filing this action may be the generation of attorneys' fees and expert witness payments.

## TWENTY-EIGHTH DEFENSE

Wright is not entitled to recover attorneys' fees under the ADA to the extent Ulta has or will take appropriate measures to remedy the alleged barriers to access.

## TWENTY-NINTH DEFENSE

Ulta is relieved of any liability whatsoever as to Wright's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Ulta is not responsible.

## THIRTIETH DEFENSE

Ulta is immune to liability for some or all of the alleged accessibility barriers asserted by Wright in her Complaint under applicable safe harbor provisions.

## THIRTY-FIRST DEFENSE

Wright failed to provide notice to Ulta of any alleged barriers to access in order to allow an opportunity to correct any such deficiencies and, therefore, Wright cannot support a claim for recovery of costs or attorneys' fees.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## THIRTY-THIRD DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the statutes alleged in the Complaint do not require accessibility to the websites and/or mobile apps at issue and/or to all portions of the websites and/or mobile apps at issue.

### THIRTY-FOURTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because, even if the statutes alleged in the Complaint require website accessibility, the absence of any defined standards for website accessibility having the force of law (including the private industry Website Content Accessibility Guidelines cited in the Complaint) renders any determination of accessibility or inaccessibility subject to standards that are impermissibly vague and ambiguous and in violation of due process.

### THIRTY-FIFTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent they rely on the contention that the websites and/or mobile apps at issue were designed in violation of the ADA, because neither the ADA, nor the ADA's implementing regulations, address accessibility to websites or mobile apps.

### THIRTY-SIXTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Ulta's alleged failure to provide reasonable modifications or auxiliary aids or services.

## THIRTY-SEVENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims are based.

## THIRTY-EIGHTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent Plaintiff's injury or injuries, if any, was or were caused by the operation of certain aspects of the websites and/or mobile apps at issue, such as links to third party websites, which are subject to the control of third parties acting outside the scope of agency, employment or control of Ulta.

## THIRTY-NINTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent all or certain portions of the websites and/or mobile apps at issue are not a public accommodation or do not have a nexus to a place of public accommodation.

**FORTIETH DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred by Plaintiff's failure to states a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to states a date or dates on which they allegedly encountered barriers on the websites and/or mobile apps at issue, to identify specific portions of the websites and/or mobile apps at issue at which barriers allegedly were encountered, and to identify specific barriers on the websites and/or mobile apps at issue.

**FORTY-FIRST DEFENSE**

Any allegedly wrongful acts or omissions performed by Ulta or their agents, if any, do not subject Ulta to liability because Ulta was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

**FORTY-SECOND DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent that Plaintiffs' claims are subject to the doctrines of res judicata and/or collateral estoppel based on Plaintiff's prior actions or litigation.

Having answered Wright's Complaint, Ulta respectfully requests that Wright's Complaint be dismissed, that judgment be entered for Ulta, that Wright

takes nothing, and that Ulta be awarded costs and attorneys' fees in defending this action.

Respectfully submitted this 25th day of July, 2018.

By:   /s/ *Sherry A. Nielsen*
Sherry A. Nielsen
Georgia Bar No. 968877
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, GA 30303
Telephone:  404-870-1712
Facsimile:  404-870-1732
sherry.nielsen@ogletreedeakins.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify I have this day electronically filed **DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM-ECF System which will automatically send e-mail notification of such filing to the following counsel of record:

Alex O. Mitchell
ADA Group  LLC
400 Galleria Pkwy., Suite 1500
Atlanta, Georgia  30339
AOM@ADA-Firm.com

This 25th day of July, 2018.

/s/ Sherry A. Nielsen
Sherry A. Nielsen

Counsel for Defendant

34932379.1