IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NOELLE WRIGHT, | ) |
|     Plaintiff, | ) CIVIL ACTION FILE |
| | ) NO. 1:18-cv-01597-ELR |
| v. | ) |
| ULTA SALON, COSMETICS & FRAGRANCE, INC., | ) |
|     Defendant. | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2 of the United States District Court for the Northern District of Georgia, Plaintiff Noelle Wright ("Plaintiff") and Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Defendant") submit their Joint Preliminary Report and Discovery Plan.

1. Description of Case:

    (a) Describe briefly the nature of this action.

**The basis for the Court's jurisdiction in this matter is the Americans with Disabilities Act of 1990, as amended ("ADA"). Wright asserts claims arising under Title III of the ADA alleging that Defendant's Smyrna, Georgia, retail store, located at 2540 Cumberland Boulevard, Smyrna, Georgia, 30080,**

**Defendant's internet website, and Defendant's mobile "app" each violate the ADA because they are not fully accessible to persons with disabilities.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff:**

**Plaintiff seeks to enjoin Defendant to remove architectural barriers, maintain policies, practices, and procedures, Defendant's use of the premises to provide full and equal enjoyment of the premises to the disabled, Defendant's failure to design and construct the facility to ADA compliance, Defendant to remediate its website which fails to integrate an accessible platform usable by disabled individuals, and Defendant's failure to take necessary steps to ensure Plaintiff is not denied services, segregated, or otherwise treated different than individuals who do not have disabilities through the use of the mobile software applications.**

**Defendant:**

**Defendant denies all material allegations of Plaintiff's Complaint. Defendant did not discriminate against Wright on the basis of a disability, and its Smyrna, Georgia store location, internet website, and mobile "app" do not**

**violate Title III of the ADA. Defendant further denies it is liable to Plaintiff under any theory of recovery.**

(c) The legal issues to be tried are as follows:

**(1) Whether Plaintiff has standing to bring her claims;**

**(2) Whether Plaintiff's claims are moot;**

**(3) Whether Defendant's website contains any barriers to access that constitute violations of Title III of the ADA;**

**(4) Whether Defendant's Smyrna, Georgia, location contains any barriers to access that constitute violations of Title III of the ADA;**

**(5) Whether Plaintiff's claims are barred or limited by the defenses set forth in Defendant's Answer;**

**(6) Whether Plaintiff may recover reasonable attorneys' fees or costs; and**

**(7) Whether Plaintiff is entitled to injunctive relief.**

**The parties reserve the right to present additional legal issues to the Court for its consideration as this matter progresses.**

(b) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: **None**

      (2) Previously Adjudicated Related Cases:  **None**

2. This case is complex because it possesses one or more of the features listed below.

  _____(1) Unusually large number of parties
  _____(2) Unusually large number of claims or defenses
  _____(3) Factual issues are exceptionally complex
  _____(4) Greater than normal volume of evidence
  _____(5) Extended discovery period is needed
  _____(6) Problems locating or preserving evidence
  _____(7) Pending parallel investigations or action by government
  _____(8) Multiple use of experts
  _____(9) Need for discovery outside United States boundaries
  _____(10) Existence of highly technical issues and proof
  _____(11) Unusually complex discovery of electronically stored information

**This case is not complex.**

3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**
Cassie E. Taylor
ADA Group LLC
Attorneys for Disabled Americans
4001 Carmichael Road, Suite 570
P.O. Box 231477 (36123)
Montgomery, AL 36116
Telephone: (334) 819-4030

       **Defendant:**
       Lauren H. Zeldin
       Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
       191 Peachtree Street, N.E., Suite 4800
       Atlanta, Georgia 30303
       Telephone:  404.881.1300

4.    Jurisdiction:

Is there any question regarding this court's jurisdiction?

\_\_\_ Yes \_**X**\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5.    Parties to This Action:

     (a)   The following persons are necessary parties who have not been joined:  **None**

     (b)   The following persons are improperly joined as parties: **None**

     (c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  **None**

     (d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this

action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings that the parties anticipate will be necessary: **None**

    (b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

      (a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

      (b)    *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

      (c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

      (d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties have agreed to serve their respective initial disclosures by September 14, 2018.**

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Neither party requests a scheduling conference at this time, but may do so in the future.**

10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) month discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Discovery will be needed on Plaintiff's claims and Defendant's defenses.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties do not believe discovery should be conducted in phases or limited or focused on particular issues. Therefore, the parties respectfully reserve the right to move the Court for a discovery extension if necessary, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.**

11.  Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b) Is any party seeking discovery of electronically stored information?

**_X_** Yes ___ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties may be seeking electronically stored information. ESI should be requested with as much specificity as possible to minimize the required expense. Additionally, the parties agree to confer regarding the requests in an attempt to agree upon the scope and specificity of the ESI searches.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties agree to produce ESI in .pdf format. If metadata is requested for specific materials, the parties shall cooperatively discuss the scope of the metadata production (e.g. which fields of metadata will be produced) and attempt to reach an agreement. If advanced search methodologies become necessary, the parties agree to confer in an attempt to reach agreement regarding the method of culling voluminous materials. In the absence of agreement of issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None**

13. Settlement Potential:

    (a) Lead counsel for the defendant and plaintiff certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 23, 2018, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):    /s/Cassie E. Taylor

    Other participants: _____

For defendant: Lead counsel (signature):    /s/Lauren H. Zeldin

    Other participants: _____

    (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X )    A possibility of settlement before discovery.

(    )    A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(____) No possibility of settlement.

(c) Counsel (_X_) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not yet been determined.

(d) The following specific problems have created a hindrance to settlement of this case.

**None identified at this time.**

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 2018.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 24th day of August, 2018.

| | |
|---|---|
| */s/Cassie E. Taylor* <br> Cassie E. Taylor <br> BAR No. AL-8297N67R <br> 4001 Carmichael Road, Suite 570 <br> P.O. Box 231477 (36123) <br> Montgomery, AL 36116 <br> Telephone: (334) 819-4030 <br> Facsimile: (334) 521-3859 <br> CET@ADA-Firm.com <br><br> Counsel for Plaintiff | */s /Lauren H. Zeldin* <br> Lauren H. Zeldin <br> Georgia Bar No. 368999 <br> 191 Peachtree Street, N.E., Suite 4800 <br> Atlanta, GA 30303 <br> Telephone:  404-881-1300 <br> Facsimile:  404-870-1732 <br> lauren.zeldin@ogletreedeakins.com <br><br> Counsel for Defendant |

* * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this _____ day of _____, 2018.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

35342966.1