IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NOELLE WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:18-cv-01597-ELR |
| ULTA SALON, COSMETICS | ) | |
| & FRAGRANCE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Count One of the Complaint seeks to enjoin Defendant to remove architectural barriers. Count Two of the Complaint seeks to enjoin Defendant to maintain policies, practices, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. Count Three of the Complaint seeks to enjoin Defendant's use of the premises to provide full and equal enjoyment of the premises to the disabled. Count Four of the Complaint seeks to enjoin Defendant's failure to design and construct the facility to Americans with Disabilities Act compliance. Count Five of the Complaint seeks to enjoin Defendant to remediate its website which fails to integrate an accessible platform usable by

disabled individuals. Count Six of the Complaint seeks to enjoin Defendant's failure to take necessary steps to ensure Plaintiff is not denied services, segregated, or otherwise treated differently than individuals who do not have disabilities through the use of the mobile software applications.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards, and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.**

42 U.S.C. §12181, *et seq*., 28 C.F.R. Part 36, and interpretive case law. Plaintiff reserves the right to identify additional, applicable statutes or case law as may be identified in the course of further analysis, research, and discovery.

**(3) Provide the name, and if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.).**

*See* Attachment "A".

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in *Fed. R. Civ. P.* 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).**

Plaintiff has not yet determined what expert(s), if any, Plaintiff may use at trial, but Plaintiff will supplement this response and comply with *Fed. R. Civ. P.* 26(a)(2), if an expert witness is retained.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment "C".

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under *Fed. R. Civ. P.* 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.*, and its implementing regulations. Plaintiff has been obligated to retain the undersigned counsel for the prosecution of this action. Plaintiff is entitled to have Plaintiff's reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

**(7) Attach for inspection and copying as under *Fed. R. Civ. P.* 34 any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.).**

Not applicable.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

Not applicable.

Respectfully Submitted, this the 21st day of September 2018.

>/s/ *H. Alison Burns*
>**H. Alison Burns**
>**GA BAR # 604552**
>ADA Group LLC
>4001 Carmichael Road, Suite 570
>Montgomery, AL 36106
>334.819.4030 p
>334.521.3859 f
>HAB@ADA-Firm.com
>*Attorney for the Plaintiff*

## **ATTACHMENT A**

List of Persons Who May Have Discoverable Information

Noelle Wright, Plaintiff
c/o Cassie E. Taylor, Esq.
4001 Carmichael Road
Suite 570
Montgomery, Alabama 36116


Plaintiff has knowledge regarding Plaintiff's visit(s) to the subject property and Plaintiff has knowledge regarding the discrimination Plaintiff encountered at the subject property.

# **ATTACHMENT C**

Description by Category of All Documents that the Plaintiff May Use to Support Its Claims or Defenses

1. Documents which reflect the subject property's dates of construction and modifications thereto.

2. Photographs of the subject property and the physical barriers Plaintiff alleges.

3. Expert report(s) or analysis regarding the physical barriers, practices of Defendant, and Defendant's compliance with the ADA Accessibility Standards' full and equal use.

4. WCAG Web Accessibility reports showing a magnitude of issues with Defendant's website and mobile application that render the Defendant's website and mobile application as unusable by people with disabilities.

5. Such other documents as are identified during discovery and produced by Plaintiff or Defendant.

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Initial Disclosures for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 21st day of September 2018 to the following:

Lauren House Zeldin
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
191 Peachtree Street N.E.
Suite 4800
Atlanta, Georgia 30303
Telephone: 404.881.1300
Email: lauren.zeldin@ogletreedeakins.com
*Counsel for Defendant*

                  */s/* **H. Alison Burns**
                     H. Alison Burns
                     **GA BAR # 604552**
                     ADA Group LLC
                     4001 Carmichael Road, Suite 570
                     Montgomery, AL 36106
                     334.819.4030 p
                     334.521.3859 f
                     HAB@ADA-Firm.com
                     *Attorney for the Plaintiff*